# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

NAIN CASTELLANOS-LUNA,

                Petitioner,

v.

MIKE POMPEO, Secretary of the United States and Department of Homeland Security, *et al*.,

                Respondents.

Case No. C19-331 RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the Court for consideration of a Report and Recommendation ("R&R") filed by the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #10. Petitioner Nain Castellanos-Luna, proceeding through counsel, seeks release from immigration detention pursuant to 28 U.S.C. § 2241. Judge Tsuchida recommends that both Mr. Castellanos-Luna's habeas petition, Dkt. #1, and the Government's motion to dismiss, Dkt. #4, be granted in part and denied in part, finding that Mr. Castellanos-Luna is not entitled to immediate release but should be afforded a new bond hearing.

The Court has reviewed Plaintiff's habeas petition, the Government's motion to dismiss, the R&R filed by Judge Tsuchida, the Government's Objections thereto, and the remaining record.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The Court approves and adopts the R&R but writes to address the arguments raised in the Government's Objections regarding Mr. Castellanos-Luna's right to a new bond hearing. *See* Dkt. #11.

## II. BACKGROUND

The Court adopts and incorporates by reference the factual background from the R&R regarding Mr. Castellanos-Luna's immigration history and current immigration proceedings. *See* Dkt. #10 at 2-3. Mr. Castellanos-Luna has remained at Northwest Detention Center in Tacoma, Washington since his arrest by U.S. Immigration and Customs Enforcement on February 14, 2018. Dkt. #6 at ¶6. Mr. Castellanos-Luna's removal is temporarily stayed because his withholding of removal case is pending before the Ninth Circuit. *Id.* at ¶15. On August 21, 2018, Immigration Judge Tammy L. Fitting ("the IJ") denied Mr. Castellanos-Luna's request for release on bond on the basis that he poses a flight risk. Dkt. #1 at 3. The Board of Immigration Appeals ("the Board") affirmed the IJ's decision. *Id.* at 4. On March 6, 2019, Mr. Castellanos-Luna filed a petition for writ of habeas corpus in the U.S. District Court for the Western District of Washington, requesting immediate release from detention on the basis that his continued detention violates the Immigration and Nationality Act and due process rights. *Id.* at 19-23. Alternatively, he requests conditional release on bond and/or appropriate conditions on the basis that the IJ and the Board abused their discretion in denying his bond request. *Id.* at 23-31.

On June 4, 2019, Judge Tsuchida issued an R&R concluding that Mr. Castellanos-Luna is not entitled to immediate release. Dkt. #10 at 4-5. However, the R&R recommends granting Mr. Castellanos-Luna's alternative request that he be conditionally released on bond and/or appropriate conditions unless the Government provides him with a constitutionally sufficient bond hearing within 30 days of this Order on the R&R. On June 19, 2019, the Government objected to the

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

R&R's recommendation of a new bond hearing. Dkt. #11 at 1.

## III. DISCUSSION

The R&R concluded that Mr. Castellanos-Luna is entitled to a new bond hearing on the basis that clear and convincing evidence did not support the IJ's denial of bond. Dkt. #10 at 6-11. The Government's Objections incorporate the arguments in their Motion to Dismiss, *see* Dkts. #4, #9, and argue that the R&R (1) improperly re-weighed the evidence and exceeded the scope of judicial review over bond decisions; and (2) did not properly defer to the Immigration Judge's expertise. Dkt. #11 at 2-3. The Court finds that the R&R applied the appropriate standard of review to the IJ's denial of bond and agrees with the R&R's conclusion that there is insufficient evidence under the clear and convincing evidence standard to support the IJ's bond decision.

### A. Standard of Review for Bond Decisions

The Ninth Circuit has established that "an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011). Specifically, a noncitizen denied release in his six-month custody review and whose release or removal is not imminent is entitled to a bond hearing before an IJ. *Id.* at 1091–92. Under *Diouf II*, noncitizens subject to reinstated removal orders who have applied for withholding of removal are entitled to automatic bond hearings every six months. *Martinez-Baños v. Asher*, No. 16-1454, 2018 WL 1617706, at *1–*2 (W.D. Wash. Apr. 4, 2018), *adopting R & R*, 2018 WL 3244988 (Jan. 23, 2018). These bond hearings must comply with the procedural safeguards established in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), which requires that the government justify continued detention by clear and convincing evidence that the noncitizen is either dangerous or a flight risk. *Martinez- Baños*, 2018 WL 3244988, at *5 (R & R). To determine

if continued detention is warranted, an IJ may consider a number of factors provided in *In re Guerra*: (1) whether he has a fixed address in the United States; (2) length of residence in the United States; (3) family ties in the United States, and whether they may entitle him to reside permanently in the United States in the future; (4) employment history; (5) record of appearance in court; (6) criminal record; (7) history of immigration violations; (8) attempts to flee prosecution or otherwise escape from authorities; and (9) manner of entry to the United States. 24 I & N Dec. 37, 40 (BIA 2006). *See also Singh*, 638 F.3d at 1206.

The R&R correctly notes that the Ninth Circuit "has not provided guidance 'on precisely what standard of review a district court should apply in reviewing an IJ's application of the clear and convincing evidence standard of proof.'" Dkt. #10 at 9 (quoting *Ramos v. Sessions* ("*Ramos II*"), 293 F. Supp. 3d 1021, 1030 (N.D. Cal. 2018), *appeal docketed*, No. 18-15884 (9th Cir.) (quotation and citation omitted)). The R&R relies on the analysis in *Ramos II*, wherein the court extensively analyzed the appropriate standard of review. *See id. Ramos II* concluded that a court must review an IJ's factual findings for clear error, and independently review the facts, findings, and record to determine, *de novo*, whether those facts "clearly and convincingly" demonstrate that the petitioner poses a flight risk, including whether "no alternative to detention could protect the community [or prevent flight]." Dkt. #10 at 9 (quoting *Ramos II*, 293 F. Supp. 3d at 1032–33).

**B. The Government's Objections**

The Government objects to the R&R on the basis that the court improperly re-weighed the discretionary *Guerra* factors rather than limiting its review to whether the IJ applied the proper legal standard to Petitioner's bond hearings. Dkt. #11 at 2. In doing so, the Government argues, the court substituted its judgment in place of the IJ's discretion over bond by weighing certain factors, such as Mr. Castellanos-Luna's strong family and community ties in the Seattle area, more

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

heavily than the factors considered by the Government such as his multiple unlawful reentries and final orders of removal. *Id.* at 2. The Court finds that the R&R did not improperly re-weigh the *Guerra* factors and correctly applied the standard of review set forth in *Ramos II*.

The IJ's determination of Mr. Castellanos-Luna's flight risk was based on (1) denial of his application for withholding of removal; (2) multiple unlawful entries and removals; and (3) a conclusion that she had "no confidence applicant would comply" with conditions of release. Dkt. #7-8 at 4. The Court agrees with the R&R's conclusion that this constitutes insufficient evidence to support the IJ's denial of bond under the clear and convincing evidence standard. *See* Dkt. #10 at 11. The clear and convincing evidence standard "is a high burden and must be demonstrated in fact." *Ramos II*, 293 F. Supp. 3d at 1030. Regarding the first factor, orders of removal are, on their own, insufficient to satisfy this high standard. Dkt. #10 at 9. *See Singh*, 638 F.3d at 1205 ("Although [final order of removal] is a relevant factor in the calculus, *it alone does not constitute clear and convincing evidence* that [Petitioner] presented a flight risk justifying denial of bond.") (emphasis added).

The Court likewise agrees with the R&R that unlawful entry and reentry is insufficient to satisfy the high burden of the clear and convincing evidence standard, particularly when considering the remaining facts in the record and available conditions of supervision. *Cf. Sales v. Johnson*, No. 16-1745, 2017 WL 6855827, at *5 (N.D. Cal. Sept. 20, 2017) (As a matter of law, Petitioner's lack of assets or property in the U.S., final removal orders, no incentive to report, and desire to remain in the U.S. did not meet clear and convincing standard). Here, the other discretionary factors—Mr. Castellanos-Luna's fixed address in the United States, his length of residence, family ties, employment history, and lack of criminal history—support the opposite conclusion that he has significant reason *not* to flee if released. The IJ decision makes no reference

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

to these other factors in concluding that Mr. Castellanos-Luna poses a flight risk. *See* Dkt. #7-8 at 3.

Furthermore, the IJ provides no explanation for why she has "no confidence" in Mr. Castellanos-Luna's ability to comply with release conditions such as electronic monitoring, community supervision, or other conditions. *See* Dkt. #7-8 at 4. The decision merely concludes that "[t]he court does not find that release on conditions are [sic] appropriate" and that Mr. Castellanos-Luna "is an extreme flight [risk]." *Id*. In addition to reviewing the IJ's determination of flight risk, the standard set forth in *Ramos II* also requires that upon *de novo* review, the facts must "clearly and convincingly demonstrate that . . . *no alternative to detention*" could prevent flight. *Ramos II*, 293 F. Supp. 3d at 1032–33 (emphasis added). The facts in the record do not clearly and convincingly support the IJ's conclusion that available conditions of release are inappropriate. An assessment that she has "no confidence" in his ability to comply—without further explanation—fails to satisfy the required standard.

The Government also objects to the R&R on the basis that it "did not consider the expertise of the IJ in determining what factors to consider in determining flight risk and how to weigh those factors in light of Petitioner's current situation." Dkt. #11 at 2. As the R&R recognizes, an IJ has discretion to weigh certain factors more heavily than others, and a court does not have jurisdiction to review an IJ's discretionary judgment. Dkt. #10 at 8 (citing 8 U.S.C. § 1226(e)). Despite this deference, an IJ's discretion in bond decisions is not unbounded. *See In re Guerra*, 20 I & N 40 ("An Immigration Judge may choose to give greater weight to one factor over others, *as long as the decision is reasonable*.") (emphasis added). When reviewing an IJ's denial of bond, a court must review the IJ's factual findings for "clear error" and independently review the facts, findings, and record to determine, *de novo*, whether those facts "clearly and convincingly" demonstrate that the

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

petitioner poses a flight risk. *Ramos II*, 293 F. Supp. 3d at 1032–33. That is precisely what the R&R did in concluding that the IJ's determination of flight risk—which was based solely on Mr. Castellanos-Luna's past unlawful re-entries, final order of removal, and unsupported assessment that she had "no confidence" that he would comply with release conditions—failed to meet the required standard. *See* Dkt. #10 at 9-10.

Accordingly, the R&R did not "re-weigh" the *Guerra* factors, disregard the IJ's discretion, or otherwise exceed the scope of judicial review. On the contrary, it appropriately analyzed whether the IJ's flight risk finding was supported by clear and convincing evidence. After reviewing the facts set forth in the record, the Court agrees with the R&R's conclusion that the IJ's flight risk finding failed to meet this standard.

## IV. CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and the balance of the record, and Court finds and ORDERS:

1. The Report and Recommendation is ADOPTED.

2. Petitioner's habeas petition, Dkt. #1, is GRANTED in part and DENIED in part.

3. The Government's motion to dismiss, Dkt. #4, is GRANTED in part and DENIED in part.

4. **Within 30 days** of the date of this Order, the Government shall release petitioner on bond and/or appropriate conditions unless it can justify his continued detention by clear and convincing evidence at a constitutionally sufficient bond hearing that comports with the procedural requirements of *Martinez-Baños v. Asher*, No. 16-1454, 2018 WL 1617706, at *1–*2 (W.D. Wash. Apr. 4, 2018), *adopting R & R*, 2018 WL 3244988 (Jan. 23, 2018), and *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

5. The Clerk shall send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 11th day of July 2019.

RICARDO S. MARTINEZ  
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 8